**In re JACKSON COUNTY ESCROW SERVICES, INC., Debtor.**

**Bankruptcy No. 90–43269–2.**

United States Bankruptcy Court, W.D. Missouri.

July 23, 1991.

Michael P. Gaughan, Gallas & Gaughan, Kansas City, Mo., for Charles & Diana Cook.

Bruce E. Strauss, Kansas City, Mo., Trustee.

Norman Beal, Kansas City, Mo., for petitioning creditors.

ORDER

FRANK W. KOGER, Chief Judge.

Charles and Diana Cook have filed to lift the automatic stay in this case. A number of parties, other than the debtor, have resisted that motion. The Court stayed ruling until the issue of the filing of schedules and statements was resolved. That issue has now been resolved and the Court will issue an order as to the modification of the automatic stay.

Debtor, at least by the allegations of certain claimants, misappropriated or misapplied funds which it held in escrow. This meant that a substantial number of home owners who had closed their loans through debtor found themselves with two or more encumbrances on their real estate rather than one. It also meant that some sellers of real estate may not have gotten the proceeds of the sale.

Presently, there are twelve suits, including that of movants, pending in state court against debtor or against debtor and a number of other defendants who were affiliated with or involved with debtor. Debtor has been and is undergoing investigation by the office of the Attorney–General of the State of Missouri. It would appear that there may be as many as 60 or more allegedly defrauded claimants with litigable claims.

National Union Fire Insurance Company of Pittsburg, Pa. (hereinafter insurer) has a $500,000.00 policy which may or may not provide coverage for the alleged acts or omissions of the debtor. Unfortunately, that $500,000.00 is subject to exhaustion by the costs of defense. If some seventy suits are filed and defended, defense costs will exhaust all funds, (probably well before trial) and each of the claimants may well end up with some default judgment for a substantial amount to file as an unsecured claim. On the other hand, it may be possible to establish a mediation and resolution process in the bankruptcy case as the District Court and this Court did in *Security Services, Inc.*.

Movants rely strongly on *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988) in

proposing that this Court should abstain from the issues and, therefore, grant the relief they seek. This Court totally agrees with that holding and has repeatedly cited it in abstaining from comparable issues. However, this Court does not believe that the *Titan* case applies to the facts in this motion. Here relief will encourage a state court race between up to 60 claimants. In *Titan* the issue was whether an insurance policy provided coverage. Here the issue seems to be more who gets the $500,000.00 coverage than whether coverage exists. Here relief from the stay will likely result in no one getting anything from the hoped for pot of gold ($500,000.00) except the attorneys defending the insurer. For those reasons to apply *Titan* blindly would seem improper.

The Application For Order Modifying Automatic Stay is DENIED WITHOUT PREJUDICE.

SO ORDERED.